# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:08-cr-356-WSD-8 |
| JUAN RODRIGUEZ, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Juan Rodriguez's ("Defendant") Motion for Reduction of Sentence Under Amendments 780 and 782 of the United States Sentencing Guidelines (U.S.S.G.) [1047] ("Motion").

On January 12, 2010, Defendant was sentenced to two hundred eighty-eight (288) months with five (5) years of supervised release after pleading guilty to one count of conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  ([591], [597]).

On September 28, 2012, the Court reduced Defendant's sentence to two hundred twenty-seven (227) months for his substantial assistance to the Government, pursuant to Federal Rule of Criminal Procedure 35(b)(2)(B).  ([961]).

On December 31, 2014, Defendant filed, *pro se*, his Motion for Reduction of

Sentence Under Amendment 782 [993] ("December 31st Motion"). On December 9, 2015, Defendant, through counsel, and the Government filed their supplemental Joint Motion for Reduction of Sentence Under Amendment 782 [1011] ("December 9th Joint Motion"). The parties requested a reduction of Defendant's sentence to one hundred eighty-four (184) months imprisonment.

On December 10, 2015, the Court denied Defendant's December 31st Motion and December 9th Joint Motion for sentence reduction. ([1012]). The Court found that "[t]he sentence imposed, which was a substantial downward departure from the guideline range, was at the time of imposition and is now the reasonable sentence for defendant's criminal conduct considering the factors under 18 U.S.C. § 3553(a)." (December 10th Order [1012.1]).

On February 22, 2018, Defendant filed his Motion for Reduction of Sentence Under Amendments 780 and 782. Defendant again argues that he is entitled to a sentence reduction under Amendments 780 and 782 of the U.S.S.G. Defendant states that both amendments were made retroactive to convictions, as here, imposed prior to their effective dates.

Defendant's renewed request for a sentence reduction under Amendment 782 is denied. The Court already considered Defendant's request for a sentence reduction under Amendment 782 and found that such a reduction was not

appropriate considering Defendant's criminal conduct and the factors under 18 U.S.C. § 3553(a). (See [1012.1]). "The grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2)] is unambiguously discretionary." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). The Court used its discretion to deny Defendant's first two Motions for Sentence Reduction Under Amendment 782. Defendant's renewed Motion for Sentence Reduction is denied for the same reasons stated in the Court's December 10th Order.

Defendant also requests a sentence reduction under Amendment 780 of the U.S.S.G. U.S.S.G. § 1B1.10 provides that a reduction to a term of imprisonment is authorized under Section 3582(c)(2) only if the amendment lowering the Guidelines range is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10; see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 780 is not listed under U.S.S.G. § 1B1.10 and, thus, it does not apply here. Defendant's request for sentence reduction under Amendment 780 is denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence Under Amendments 780 and 782 of the United States Sentencing Guidelines (U.S.S.G.) [1047] is **DENIED**.

**SO ORDERED** this 16th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE